## WATTS v. CONTINENTAL CASUALTY CO. (No. 10396.)

Court of Civil Appeals of Texas. Dallas.
Oct. 20, 1928.

Rehearing Denied Nov. 17, 1928.

White & Yarborough, of Dallas, for appellant.

Touchstone, Wight, Gormley & Price, of Dallas, for appellee.

JONES, C. J. The Continental Casualty Company, appellee, instituted this suit in a district court of Dallas county, seeking to set aside an award of the Industrial Accident Board, in favor of Bob Watts, appellant because of injuries he received in Dallas county while in the employ of the Dallas Transportation Company. Appellant answered in said suit and also filed a cross-action against appellee, seeking a judgment more favorable to him than the award. The case was tried to a jury, submitted on special issues, and a judgment in favor of appellee was awarded by the court on the findings of the jury on the special issues. The appeal is duly perfected to this court.

The Dallas Transportation Company maintained an office in the city of Dallas, but the work appellant and other employees were doing at the time of the injury, was distant a few miles from this office. On the morning of his injury, appellant according to custom reported to the office with other employees before proceeding to the place of work. On this morning, a truck owned by appellant's employer was going by the place of work and appellant and a few other employees were directed by the foreman of this crew of workmen to ride in such truck to their work. While he was being conveyed to the work, but before arrival at such place, appellant either voluntarily or involuntarily left the truck, while it was in motion, and received the injuries forming the basis of his claim to the Industrial Accident Board. Appellee had issued a policy of compensation insurance to the Dallas Transportation Company, insuring its employees under the Workmen's Compensation Act. The material contested issues in this case are: First, was appellant engaged in work in furtherance of the business or affairs of his employer while he was being transported from the office of the employer to the work in which he was to engage? Second, if appellant was so engaged while en route to his work, did he momentarily step aside from the work of his employer to engage in his own private enterprise and by so doing receive the injuries which form the basis of his claim of compensation? Each of these contested issues was raised by the evidence and each submitted to the jury, the first being answered favorable to appellant, and the second being answered unfavorable to appellant. Appellant does not complain of the manner of submission and the verdict of the jury in reference to the first of these issues, and we shall not further discuss this contested issue, other than to say, that, in our opinion, there is evidence to sustain the finding of the jury and we adopt it as the finding of this court. Findings on the other issues submitted by the court were favorable to appellant, and, but for the adverse finding on the second special issue, would have required a judgment in appellant's favor. Appellant raises no issue on these findings and they will not be discussed, other than to say that they are supported by the evidence and are adopted as the findings of this court. Special is-

sues Nos. 1 and 2, submitting the matters above referred to, are as follows:

Question No. 1: "Was the defendant, Bob Watts, instructed and required by the agent and representative of the Dallas Transportation Company to ride on the truck in question to the place of his employment on the occasion in question"? Answer: "Yes."

Question No. 2: "At the time the defendant, Bob Watts, left the truck in question and sustained the injuries, if any, did he voluntarily jump from the truck while it was in motion"? Answer: "Yes."

The evidence upon which the trial court based the submission, embraced in question No. 2, is conflicting. Appellant, in effect, testified that the driver of the truck on which he and other employees were riding caused the same suddenly to swerve from its course, and thereby caused him to be thrown from the truck, from which fall he received the injuries. Another employee on the truck testified, at the instance of appellee, that there was no sudden swerving of the truck, but that when another employee, en route in a touring car to the same place of work, approached the truck from the rear, appellant stated that he was going to jump off and ride with such other employee, that, although cautioned by the witness not to do so, appellant did voluntarily make the jump from the truck and his consequent injuries resulted. One or two other employees testified, at the instance of appellee, that there was no sudden swerving of the truck and that appellant voluntarily jumped from same. In written statements of appellant, language is used by him tending to corroborate appellee's evidence on this matter.

Appellant earnestly contends that his right of recovery is not affected by the question as to whether he voluntarily jumped from the truck, or whether he was accidentally thrown from the truck, because his rights in the premises are the same whether he was injured through the negligence of the truck driver, as testified to by him, or his injuries were brought about by his own negligence, as testified to by appellee's witnesses. It is also contended that the issue submitted, at most, is only evidentiary, and does not submit for the determination of the jury an ultimate fact material to appellant's right of recovery; that such ultimate fact is, Was appellant in the course of his employment when he jumped from the truck? and not, Did he voluntarily jump from the truck? Appellant made timely objections to the manner in which the issue was submitted, in line with his contentions, and also submitted a special issue in harmony with what he contends to be the ultimate issue of fact. These contentions are presented to this court by proper assignments of error, followed by appropriate propositions of law.

■ Under the Workmen's Compensation Act, before an injured employee can become a beneficiary of the compensation insurance, provided for by such act, it must appear that the injury was sustained by the employee while in the course of his employment. Article 8309, Rev. Civ. Stat., defines the term, "injury sustained in the course of employment." This definition, after declaring that injuries received under certain designated conditions, or from certain designated causes, shall not be included within the term (none of which conditions apply in the instant case), declares such term, "shall include all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere."

It will be noted that this statutory definition makes it a determining test for compensation insurance, that the employee was injured while "engaged in or about the furtherance of the affairs or business of his employer." With this test in mind, let us examine the jury's finding in response to the special issue embraced in question No. 2 submitted to the jury. The finding on this issue is, that appellant voluntarily jumped from the truck. What was his purpose in doing so? Was the risk of danger to himself necessarily attendant upon the act of jumping from a moving truck, taken by appellant to further the business or interest of his employer in any manner whatever? We do not think so. Under the evidence, but one purpose is suggested, and that is, in order that he might change vehicles in which to ride to his work. This effort on his part to change vehicles was only in furtherance of what he conceived to be his own interest or pleasure, and in no way in furtherance of any business of his employer.

■ It is the function of the jury to make a finding on contested issues of material facts. It is the function of the court to determine the legal conclusion to be drawn from such findings of the jury. In the instant case, we are of the opinion that the court submitted the contested issues under discussion in proper form and gave to the finding on this issue the only legal conclusion that could be drawn therefrom. This inevitable conclusion is that appellant's act in voluntarily jumping from the truck and thereby causing his injury was an act taken by him entirely outside of the course of his employment and not covered by appellee's policy of insurance. London Guarantee & Accident Co. v. Thetford (Tex. Com. App.) 292 S. W. 857; American Indemnity Co. v. Dinkins (Tex. Civ. App.) 211 S. W. 949; Quarles v. Lumbermen's Reciprocal Association (Tex. Civ. App.) 293 S. W. 333.

It necessarily follows, in our opinion, that the trial court entered the proper judgment under the findings of the jury, and that this case should be affirmed.

Affirmed.