## CARY et al. v. STATE INDUSTRIAL COM. et al.

No. 21660. Opinion Filed Feb. 3, 1931.

Sam A. Neely, D. F. McMahon, and D. F Rainey, for petitioners.

J. Berry King, Atty. Gen., Fred Hanson, Asst. Atty. Gen., and H. S. Samples, for respondent A. P. Jetton.

CLARK, V. C. J. This is an original action filed in this court by John Cary and the Hartford Accident & Indemnity Company, a corporation, to review an award and judgment of the State Industrial Commission, made and entered on the 18th day of August, 1930, in favor of respondent, A. P. Jetton, wherein the Industrial Commission found that A. P. Jetton sustained an accidental injury arising out of and in the course of his employment with respondent John Cary, on the 25th day of October. Respondent Jetton was awarded 15 weeks and one day at $18 per week for temporary total disability and $18 per week for a period of 50 weeks, computed from February 14, 1930, for the permanent partial loss of the use of claimant's left hand to the extent of 25 per cent.

Petitioners allege that said order and award, so made, is erroneous and illegal in this, to wit, that A. P Jetton was not injured during the course of his employment nor did his injury arise out of his employment with the said John Cary; that the respondent A. P. Jetton was not an employee of the petitioner John Cary at the time of his injury; and that the relation of master and servant did not exist between them at the time of the injury.

The evidence discloses that Mr. Griffin was a member of the casing crew, composed of several men, and acted as agent of the different workmen in securing work running casing. He was known as the manager. Mr. Griffin made a contract with petitioner John Cary to run a string of casing in a well John Cary was drilling. He acted as agent of other members of the crew in securing this employment, and casing was run for so much per foot, with an additional expense for transportation of the crew to and from work where the work was more than eight miles from Okmulgee.

The record discloses that on returning from work running casing for John Cary, petitioner herein, respondent Jetton was injured. Mr. Griffin did not employ the men and pay them wages, but only secured the jobs, collected the money, and the money was divided among the men constituting the crew. The casing was set under the direction of the petitioner or his agents.

Clearly, the men constituting the casing crew were employees of John Cary. It was necessary for the crew to be transported to and from work, and a charge was made for this transportation where the distance was more than eight miles.

This court, in Sapulpa Refining Co. v. State Industrial Commission, 91 Okla. 53, 215 Pac. 933, in the second, third, and fourth paragraphs of the syllabus, stated:

"2. An injury arises out of the employment when there is apparent to the rational mind upon consideration of all the circumstances a causal connection between the conditions under which the work is required to be performed and the resulting injury. And, if the injury occurred under circumstances contemplated by the contract and under the customary conditions known and approved by the employer, then it arises out of the employment.

"3. The decision of the Industrial Commission as to all matters of fact is final.

"4. When a claimant, who was employed as a pipeline walker, was coming to his work and was traveling along the customary road and in the customary way and within the time after his day's work began, was run over by a truck and his leg crushed, the

 

decision of the Industrial Commission, that the injury arose out of and in the course of the employment, will not be disturbed on appeal."

Also, see the case of Willis v. State Industrial Commission, 78 Okla. 216, 190 Pac. 92. The question of whether or not the injury arose out of and in the course of employment is a question of fact to be determined by the Industrial Commission under the facts and circumstances of each particular case, and where there is any evidence reasonably tending to support the finding of fact, it will not be disturbed by this court on review.

The judgment and award of the State Industrial Commission is affirmed.

LESTER, C. J., and HEFNER, SWINDALL, ANDREWS, and McNEILL, JJ., concur. RILEY, J., dissents.

Note.—See under (1) anno. L. R. A. 1916A, 331; L. R. A. 1917D, 119; L. R. A. 1918F, 907; 28 A. L. R. 1406; 28 R. C. L. p. 804; R. C. L. Perm. Supp. p. 6226; R. C. L. Continuing Perm. Supp. 203. (2) L. R. A. 1918F, 915.