No. 12,883.

STATE COMPENSATION INSURANCE FUND *v*. INDUSTRIAL
COMMISSION ET AL.

(3 P. [2d] 414)

Decided September 21, 1931.

Mr. HAROLD CLARK THOMPSON, for plaintiff in error.

Mr. CLARENCE L. IRELAND, Attorney General, Mr. AR-
THUR L. OLSON, Assistant, Mr. WALDO RIFFENBURG, for
defendants in error.

*En Banc.*

MR. JUSTICE BUTLER delivered the opinion of the court.

THIS is a proceeding under the Workmen's Compensa-
tion Act. The referee awarded compensation to the
widow and minor children of Duane C. Kelso. On review,
the Industrial Commission also awarded them compen-

sation, and that award was affirmed by a judgment of the district court. The State Compensation Fund seeks a reversal of the judgment.

 Kelso was in the employ of the State Agricultural College. He performed the duties of computor and compiler of data, and also performed other duties in connection with its experimental station. He lived about 3½ miles distant from the college. He owned two automobiles; one a small truck, the other a large automobile. He rode to and from the college, sometimes in the former and sometimes in the latter. He was requested by the one under whose direction he was working to bring his truck on the morning of June 12, 1930, for use in hauling some gravel for a concrete job at or near the laboratory. Pursuant to that request, or direction, he started on that morning to drive his truck to the place of work. While on his way he met with an accident that resulted in his death. Because of some defect in the steering apparatus of the truck, or because of the presence of loose gravel upon the highway, or because of both conditions, the truck overturned, fatally injuring Kelso.

In *Industrial Commission v. Anderson,* 69 Colo. 147, 169 Pac. 135, L. R. A. 1918F, 885, we said: ''By the great weight of authority it appears, in the absence of special circumstances bringing the accident within the scope of the employment, that no compensation is recoverable by a workman who is injured while on his way to or from his work.'' In the present case there were special circumstances that justified the finding that Kelso sustained injuries arising out of and in the course of his employment. At the time of the accident Kelso was performing an act requested by his employer, for the direct benefit of his employer, and in the furtherance of the employer's business. In the circumstances, the request, in effect, was a direction, or order, by the employer to the employee; and Kelso was fatally injured while in the very act of doing what he was thus directed, or ordered, to do. The referee and the commission were right in

428

awarding compensation, and the district court properly affirmed the commission's award.

The judgment is affirmed.