No. 12,972.

WELLS ET AL. *v.* CUTLER ET AL.
(6 P. [2d] 459)

Decided December 21, 1931.

Mr. HUGH B. KELLOGG, for plaintiffs in error.

Mr. CLARENCE L. IRELAND, Attorney General, Mr. ARTHUR L. OLSON, Assistant, for defendants in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THIS is a workmen's compensation case. Plaintiff in error Wells was the employer and defendant in error Cutler the employe. They are hereinafter referred to as Wells and Miss Cutler respectively.

Wells was manager of an orchestra. Miss Cutler, twenty-one years of age and lame from an attack of infantile paralysis sustained when she was one year old, was one of his musicians and had been two weeks in his organization. Both lived at Fort Morgan, Colorado. Wells, apparently according to his usual practice, took his orchestra in his own automobile to play for a dance five miles from the city. Miss Cutler, on her own request and with Wells' consent, returned in the car of a friend. On the trip home she was injured in a collision on the highway. Her claim was allowed by a referee, confirmed by the Industrial Commission, and affirmed by the court. To review the judgment of the latter, Wells and his insurance carrier prosecute this writ.

Five alleged errors are assigned and argued. All depend upon the answer to a single question, "Did the accident arise out of and in the course of employment?" The evidence is brief and as unsatisfactory as might be expected from the fact that Miss Cutler was not represented by counsel, but we think it sustains the judgment. If, under the terms of the employment, it was the duty of Wells to transport Miss Cutler to and from her work and she was injured while being so transported, the conclusion is inevitable. The sole testimony on the question of duty to transport is her statement that "There was no set contract, but I guess it was more or less of an understanding. I never gave it a second thought." Standing alone this was weak, but considered in connection with the time, place, circumstances and character of the employment, and the age, sex, and physical condition of the employe, we think the duty is clearly shown. If Wells was responsible for the method of her return he is not relieved by the fact that she was injured in the car of another and not in his own. The sole testimony on that

point is her statement that Wells took her out and his car was available for her return but that she asked him if she might ride back with a friend. "I returned with a friend of mine * * * with his [Wells'] permission * * * because he [the friend] lived at our house at that time and I knew I could go straight home." We think the conclusion is justified that this method of transportation was for the benefit of Wells, as well as Miss Cutler, and in consenting to it he adopted it as his own. Hence Wells' liability is the same as though the return trip had been made in his own car with himself at the wheel. *Swanson v. Latham*, 92 Conn. 87, 101 Atl. 492; *State Fund v. Industrial Com.*, 89 Colo. 426, 3 P. (2d) 414.

The evidence discloses that the accident occurred through no fault of the driver of the car in which Miss Cutler was riding.

Numerous cases are cited by counsel for plaintiffs in error in support of his position that the accident must both arise out of and in the course of the employment, and that the burden of proof is on plaintiff. These need not be further referred to for the correct principles which they announce are here undisputed. Other cases, such as *London G. & A. Co. v. Thetford* (Tex.), 292 S. W. 857, where the employe's "presence in the car was a privilege which he sought and obtained * * * in the furtherance of his own purposes and affairs," and *Watts v. Continental C. Co.* (Tex.), 10 S. W. (2d) 1028, where the workman was injured by voluntarily jumping from his employer's truck to a car which was passing on the highway, are clearly not in point.

Because we think the conclusions of referee, commission and court, that this accident arose out of and in the course of Miss Cutler's employment, are supported by the evidence, and because that finding settles all other questions raised and argued, the judgment is affirmed.