No. 13,442.

DRISCOLL CONSTRUCTION COMPANY ET AL. *v.* INDUSTRIAL COMMISSION ET AL.
(31 P. [2d] 491)

Decided April 2, 1934.

Mr. WILLIAM T. BURRIS, Mr. CHARLES J. RIBAR, for plaintiffs in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. M. S. GINSBERG, Assistant, Mr. S. ARTHUR HENRY, for defendants in error.

*In Department.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THIS is a proceeding under the Workmen's Compensation Act. The Industrial Commission awarded compensation for temporary total disability to Erker, an employee of the Driscoll Construction Company. The

company and its insurer carried the case to the district court, which affirmed the award. Company and insurer ask us to reverse district court and commission.

The claimant was employed to work on road construction, operating one of the company's drag scrapers (colloquially known as "fresnos"), he supplying his own team of horses in connection therewith. Other employees had like employment. The company made no arrangements for the stabling of teams on the ground, and Erker and others stabled their horses in a barn about half a mile distant. On the morning of the accident Erker harnessed his team to his wagon, and started driving to the construction work. He was driving along a trail parallel with the road under construction when, between one and two hundred feet from the fresno to which he was to hitch his team, the wagon overturned and he was thrown out, sustaining compensable injuries.

The assignments of error filed here, as well as the petitions for review before the commission, present the contention that the accident did not arise out of or in the course of the claimant's employment. It is urged that, since the employee had not yet hitched his team to the vehicle he was to operate, the accident happened "en route to his work" and consequently outside the field of actual operation. But it was necessary for Erker to bring his own horses. Traveling by wagon as he did was a natural, and as the evidence shows, the customary, way of getting the team upon the ground, as the terms of his employment required him to do. Moreover, the evidence shows without contradiction that almost immediately before Erker was injured his boss, laboring under a mistake of fact, reprimanded him for being late, and ordered him to hurry to the fresno. The resulting haste may easily have been the direct cause of the accident. Whether it was or not, the accident did happen, and Erker was at the time doing just what his employment demanded of him. The case comes clearly within the letter and spirit of our Colorado act and the decisions

of this court. The principle applied in *State Fund v. Industrial Commission,* 89 Colo. 426, 3 P. (2d) 414, is properly applied in the situation before us. Here, as there, the ''special circumstances'' call for approval of the commission's award and of the affirmance thereof by the district court.

Judgment affirmed.

Mr. Chief Justice Adams and Mr. Justice Butler concur.