ROBERTS et al. v. INDUSTRIAL COMMISSION
OF UTAH et al.

No. 5341.   Decided July 22, 1935.   (47 P. [2d] 1052.)

*L. R. Rogers, A. H. Hougaard,* and *Willard Hanson,* all of Salt Lake City, for plaintiffs.

*Joseph Chez,* Atty. Gen., and *Van Cott, Riter & Farnsworth,* of Salt Lake City, for defendants.

EPHRAIM HANSON, Justice.

The widow and minor children of Ira Walter Roberts, hereinafter referred to as plaintiffs, made application to the Industrial Commission for compensation as a result of the injury and death of said Roberts. A hearing was duly had, and the commission made its findings and entered its decision denying said application. The matter now comes before us on a writ of review. The plaintiffs "assign as error (1) that the Industrial Commission erred in its Finding that the deceased was not killed as a result of injuries sustained arising out of or in the course of his employment."

This court, in a long line of decisions, has consistently held that if there is any substantial evidence to support the findings of the commission as to matters of fact, the same are final and binding upon this court and will not be disturbed. Under petitioners' assignment of error above quoted, we can review the evidence only for the purpose of determining whether there is some substantial evidence to sustain the commission's findings. *See Park Utah Consol. Mines Co.* v. *Industrial Commission,* 84 U. 481, 36 P. (2d) 979, and cases therein cited.

The following facts are undisputed: Prior to June, 1931, Roberts had been regularly employed by defendant railroad company as a car inspector. He was then laid off, and from that time to his death he was given employment from time to time as defendant needed his services. He would be notified by the car foreman, or some one in his behalf, when his services were wanted and he would put in his time according to the hours worked. He lived at Helper, Utah, but his employment, when called, was at Soldier's Summit, located about 25 miles from Helper, except on one or two occasions

when he was called on some special duty elsewhere. He used his own automobile in going from his home to his work and returning. On September 17, 1931, about 7:30 p. m. he was asked by the car foreman to go to work at Soldier's Summit to relieve an employee who was working overtime on a shift which began at 3 p. m. and would end at 11 p. m. that day. While working overtime, such employee was drawing time and a half pay; so Roberts was requested to relieve him as soon as he could and to get there right away. Roberts left his home about 7:35 p. m. in his car, and proceeded toward Soldier's Summit. At a point about 12 miles from his destination his car left the highway and he sustained injuries from which he died two days later.

There is a conflict in the evidence as to whether he was requested by the car foreman to drive his own car and as to whether he would be paid for the full 8-hour shift which began at 3 p. m. and would end at 11 p. m., although he could only possibly work less than three hours of that shift. Plaintiff's evidence was to the effect that Roberts was asked by the car foreman to use his own car so as to get there (right away) and that he was promised the 8 hours' pay for whatever time he put in. The car foreman testified that he did not request Roberts to use his car, but he told him he could take a train if he wished, which was scheduled to leave Helper for Soldier's Summit at 7:30 p. m. However, from Roberts' conversation he knew that Roberts intended to go in his car when he accepted the call to go to work. The car foreman also testified that he did not promise Roberts pay for the full 8-hour shift. He further denied that he had any authority to make any such promise, and testified that Roberts' time would begin when he arrived at Soldier's Summit and relieved the other workman. There was some evidence to the effect that on other occasions Roberts had been told to put in his time for full 8-hour shifts, even though he actually put in less time. The time cards, however, made out by Roberts himself, covering his work from June 1 to September 17, showed that he had worked 8 hours on each

shift, and the pay sheets showed he had been paid for 8 hours each shift.

Plaintiffs, in their brief, "concede that ordinarily an employee injured on the way to or from work is not within the protection of the Workmen's Compensation Act [Rev. St. 1933, 42-1-1 et seq.]" The general rule of law in this respect is stated in the case of *Fidelity & Casualty Co.* v. *Industrial Commission,* 79 Utah 189, 8 P. (2d) 617, ■ and cases therein cited. Plaintiffs, however, claim that the facts in this case bring it within an exception to this general rule, and cite the following cases wherein exceptions were recognized and applied: *State Compensation Ins. Fund* v. *Industrial Commission,* 89 Colo. 426, 3 P. (2d) 414; *State Compensation Ins. Fund* v. *Industrial Accident Commission of California,* 89 Cal. App. 197, 264 P. 514; *Kyle* v. *Greene High School,* 208 Iowa 1037, 226 N. W. 71; *Messer* v. *Manufacturers Light & Heat Co.,* 263 Pa. 5, 106 A. 85; *Reese* v. *National Surety Co. of New York,* 162 Minn. 493, 203 N. W. 442; *Wells* v. *Cutler,* 90 Colo. 111, 6 P. (2d) 459; *Saba* v. *Pioneer Contracting Co.,* 103 Conn. 559, 131 A. 394; *Cymbor* v. *Binder Coal Co.,* 285 Pa. 440, 132 A. 363. These cases involved situations where the employee was directed to use the particular means of conveyance used, and at the time of his injury he was doing as he had been directed, or the employee was either going to perform or was returning from performing some special errand or service for his employer when he was injured.

Plaintiffs further rely on cases which it is claimed hold that where the workman is paid for his time traveling to and from work and he sustains an injury while so traveling, such injury is compensable as arising out of and in the course of employment.

On both these propositions the findings of the commission are against the plaintiffs. There is no finding that Roberts was directed to use his automobile. The commission found that his "employment had not commenced at the time he met with said accident, nor would said employment have

commenced until he had arrived at said Soldier Summit and had begun to perform his work as car inspector at said point." The commission further found that the car foreman had no authority to fix the amount of wages or to promise that Roberts "would be compensated for time spent in going from Helper to Soldier Summit or in returning from Soldier Summit to Helper. * * * That said Ira Walter Roberts was not being paid, and even had no accident happened he would not have been paid, nor would he have been entitled to payment of any compensation for time consumed by him in going from Helper to Soldier Summit or in returning from Soldier Summit to Helper."

The evidence, as heretofore outlined, is in conflict on both the elements relied on by petitioners, unless it can be said that because Roberts was asked to go to relieve a workman who was working overtime and to get there as soon as possible (matters on which there is no conflict in the evidence) his compliance with such request would constitute a performance of some special errand or service for defendant, and so bring the case within an exception to the general rule. We are not prepared to hold as a matter of law that such would constitute a special errand or service within such exception, especially in view of the fact that the evidence discloses that there was nothing about this particular call to go to work that was different from the calls ordinarily made. He would be called to work whenever he was needed. The mere fact that he was urgently needed or was told to report as soon as possible on any particular occasion would not change the nature of his employment or convert his going to work to perform duties ordinarily performed by him into some special errand or service.

We cannot weight conflicting evidence or control the commission in its decision with respect thereto. The commission is the trier of the facts, and its decision thereon must stand, if supported by any substantial evidence. The evidence in this case is not such that we can hold, as a matter of law, that the commission's find-

ings are unsupported. On the contrary, there is substantial evidence to support its findings.

In the view we take of the case, it is not necessary to consider plaintiffs' other assignment of error, nor to discuss the questions concerning the same argued in the respective briefs.

The decision of the Industrial Commission dening compensation is hereby affirmed.

ELIAS HANSEN, C. J., and FOLLAND, MOFFAT, and WOLFE, JJ., concur.