GRACE NICOLASI, PLAINTIFF-RESPONDENT, v. JEAN SPARAGNA AND ANGELO SPARAGNA, DEFENDANTS-APPELLANTS.

Submitted October 25, 1946—Decided January 17, 1947.

For the appellants, *Stanger & Howell* (*Robert G. Howell,* of counsel).

For the respondent, *Tuso & Tuso* (*Carl Kisselman,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. The basic question for decision on the facts of this case and the law applicable thereto is whether respondent correctly invoked the common law remedy, or whether she should have invoked, as urged for appellants, the exclusive remedy furnished her under our Workmen's Compensation Act. *R. S.* 34:15-7, *et seq.*

Respondent, Grace Nicolasi, plaintiff below, sued Jean

Sparagna, Angelo Sparagna (appellants) and Louis Uleau (who did not appeal), defendants below, in a common law action for alleged actionable negligence. In her suit, respondent substantially alleged that, on March 8th, 1944, she was, at the instance and request of Jean Sparagna, a passenger in her car operated by her father with her permission and consent; that as a result of the alleged negligence of Angelo Sparagna, or Louis Uleau, or both, the car in which respondent was riding came into collision with the car owned and operated by Uleau at or near the intersection of Main Road and Wheat Road, in Landis Township, Cumberland County, New Jersey; and that as a result of that collision respondent sustained injuries for which she sought her damages.

Defendants denied liability. That denial, so far as is here pertinent, set up, *inter alia,* the defense (sixth separate defense), that plaintiff's alleged right of action was "not cognizable in this court" (*i. e.,* Supreme Court), but is only cognizable "in other tribunals," *i. e.,* the Workmen's Compensation Bureau. This separate defense was also the gravamen of defendants' motions for a nonsuit and for a directed verdict. The trial judge denied those motions and submitted the case to the jury which returned a verdict of $3,500 in favor of respondent, and, as molded, against the three named defendants.

The applicable law dispositive of appellants' contentions is clear. The general rule is that injuries sustained by a workman while going to and returning from his place of work are not considered as arising out of and in the course of his employment. But injuries sustained by the workman while he is provided with transportation when going to or returning from his work are considered as arising out of his employment when such transportation is the result of an express or implied agreement between the employer and his workman, or when it has ripened into a custom to the extent that it is incidental to and part of the contract of employment, or when it is with the knowledge and acquiescence of the employer, or when it is the result of a continued practice in the course of the employer's business, and which practice is beneficial to both the employer and employee. *Micieli* v. *Erie Railroad*

*Co.,* 130 *N. J. L.* 448, and cases collated on *p.* 452; 33 *Atl. Rep.* (*2d*) 586; *affirmed,* 131 *N. J. L.* 427; 37 *Atl. Rep.* (*2d*) 123; *Wolf* v. *Oestereicher,* 133 *N. J. L.* 261; 44 *Atl. Rep.* (*2d*) 29.

Do the circumstances in the case at bar support appellants' claim that they invoke the exceptions to the general rule of law?

From July, 1942, until the date of the accident (March 8th, 1944), respondent, who lived in Risley, Atlantic County, New Jersey, was employed by and worked for Angelo Sparagna and his brother Jack (who died since the accident) and Leon Romeo, partners, trading as South Jersey Clothing Company (hereafter referred to as Company) which operated a factory at Minotola, New Jersey. No arrangements had been made in the first instance for respondent's transportation from her home to the factory or from the factory to her home. For about a year after her employment, her brother Joseph, who was employed by the Company, provided her with transportation. Joseph was inducted into the military service.

Thereafter respondent would ride on a public bus from her home to Vineland, New Jersey. There one Nick Darminio, who was also employed by the Company, provided her with transportation to the factory and back to Vineland. Sometime in December of 1943, Darminio was also inducted into the military service. Respondent explained her difficulty in getting to work and returning home to Jean Sparagna, daughter of Angelo Sparagna, who was the bookkeeper for the Company and who lived at her father's home in Vineland. Respondent told Jean that she would have to "quit" if she "didn't have a way in." Whereupon respondent, according to her version, was told by Jean that she would arrange to meet her (respondent) in Vineland. Accordingly, Jean did meet respondent at the Vineland train or railroad station each morning and drove her to the factory and back to Vineland each day. On the day of the accident Jean did not feel well enough to go to work. She requested her father to meet respondent at the usual place and drive her to the factory. The father did so. According to Jean's version, the arrange-

ments for respondent's transportation from Vineland to the factory and back to Vineland were the result of a conversation which took place in the presence of respondent, Jean and the deceased partner (Jack Sparagna). Thus on the one hand, respondent sought to impose liability on Jean, while on the other hand Jean sought to impose liability on the Company.

The question of whether or not an injury is the result of an "accident" within the meaning of the Workmen's Compensation Act is "a mixed one of law and fact." *Cf. Bryant, Admx.,* v. *Fissell,* 84 *N. J. L.* 72, 75; 86 *Atl. Rep.* 458. But whether or not respondent suffered such an accident and is limited to the remedy furnished accordingly, depends in turn entirely upon the determination of whether the arrangement made for respondent's transportation was made by respondent with Jean personally or whether it was made by respondent, Jean and Jack Sparagna for the Company. The proofs, as observed, are in sharp conflict.

Thus the trial judge properly overruled appellants' motion for a nonsuit and motion for a directed verdict, and submitted all proofs, contradicted and uncontradicted, offered by the respective parties in support of their respective claims, to the jury for its determination. *Cf. Dobrow* v. *Hertz,* 125 *N. J. L.* 347, 348; 15 *Atl. Rep.* (2d) 849; *Shappell* v. *Apex Express, Inc.,* 131 *N. J. L.* 583, 589; 37 *Atl. Rep.* (2d) 849. The trial judge in a comprehensive, accurate and fair charge pointed out the conflicting proofs as to the arrangement made for respondent's transportation. He made it abundantly clear that if the jury believed respondent's version of the arrangement, the Workmen's Compensation Act did not furnish her exclusive remedy, but if the jury believed Jean's version of the arrangement it did. The jury chose to believe respondent's version. That was its privilege, its right.

The holding in the case of *Wolf* v. *Oestreicher, supra,* strongly urged in support of appellant's claim, was based upon the obvious fact that the accident arose out of and in the course of the employment. Hence the nonsuit was held to be proper. Here the fact as to whether the accident arose out of and in the course of the employment is in sharp dispute.

We have considered all other points argued and find them to be without merit.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, COLIE, WACHENFELD, WELLS, RAFFERTY, DILL, FREUND, MCGEEHAN, MCLEAN, JJ. 15.

*For reversal*—None.