ROBERTS, Justice.
Claimant-Edgar Garren was employed by petitioner-Central Air Conditioning Company to install and construct air conditioning equipment. Normal working hours were from eight o’clock A.M. to four-thirty P.M. but Garren was on call twenty-four hours a day, seven days a week. He was furnished a truck for transportation in the event he was needed in an emergency and the employer paid the insurance and operating expenses.
On the day of the accident, which precipitated these proceedings, the employee finished work at approximately three-fifteen P.M. and requested use of the truck to go to a service station to see about his personal automobile. Later he went to the Veteran of Foreign Wars Club, waited until almost eight P.M. for his friend to finish a game of pool and then started home in the company truck with the friend. While driving on the same route he normally took home from his job with the employer he was involved in an accident and sustained injuries.
Upon application for workmen’s compensation the Judge of Industrial Claims denied compensation on the theory that the employee was on a personal mission, subject to the “coming and going” rule and his activities were not in furtherance of employer’s business. On review the In *498 dustrial Relations Commission, with one member dissenting, reversed the order of the Judge of Industrial Claims holding, inter alia, that the record indicated the accident of respondent-Garren came within the exceptions enunciated in Nicolasi v. Sparagna, 135 N.J.L. 131, 50 A.2d 867:
“The general rule is that injuries sustained by a workman while going to and returning from his place of work are not considered as arising out of and in the course of his employment. But injuries sustained by the workman while he is provided with transportation when going to or returning from his work are considered as arising out of his employment when such transportation is the result of an express or implied agreement between the employer and his workman, or when it has ripened into a custom to the extent that it is incidental to and part of the contract of employment, or when it is with the knowledge and acquiescence of the employer, or when it is the result of a continued practice in the course of the employer's business, and which practice is beneficial to both the employer and employee.” (Emphasis supplied.)
We have carefully examined the record and briefs, have heard oral argument and quote with approval the dissenting opinion of Commissioner Nelson:
“A careful review of the record leads me to believe that there is competent substantial evidence to support the findings of the judge that the claimant’s unfortunate accident did not arise out of and in the course of his employment.
“It is important to note that the only witness testifying as to the factual matters in this claim was the claimant himself. He frankly admitted that he had not the slightest doubt his travels after leaving the employer’s premises were personal in nature. His activities prior to the accident had nothing to do with the furtherance of his employer’s business. He visited a service station for the purpose of checking on his personal car and made a trip to the V.F.W. for the purpose of picking up a friend to dine with him and his wife at home. The only contact with the employer during the afternoon and evening of the accident was the mere fact that he was driving his employer’s vehicle. The accident did not occur within the period of the employment at a place where the employee might reasonably be expected to be nor while he was reasonably fulfilling duties of or incidental to his employment. It is my understanding that these conditions must be met in order for the employee to be covered by workmen’s compensation. As pointed out in the Supreme Court case of Fidelity & Casualty Co. of New York, et al v. Moore [143 Fla. 103], 196 So. 495 (Fla.1940), * * * the requirement that the accident arise out of and in connection with the employment would have no meaning without the above stated considerations. The fortuitous circumstance of being in the employer’s car is not in itself sufficient to place the liability on the employer.
“It is quite evident that there is nothing in the record to excuse the claimant from the ‘personal mission ’ rule.’ Certainly the employer in the instant cause did not send the claimant on his personal missions to the garage nor to the V.F.W. The employee departed from the employer’s premises on a personal errand. See Leeds v. City of Miami Police Department, 4 FCR 139 (1959), certiorari denied in 122 So.2d 474 (Fla.1960).
“Claimant, when he met with his misfortune, was in no way pursuing the interest of his employer, had long since departed from the course of his employment, and his mishap, in no way, arose from a risk which was incidental to his employment. The judge had no other choice but find that the claimant was not entitled to benefits under the Workmen’s Compensation Law, and in my opinion he should be affirmed in his denial of the claim presented.”
*499 It is our view that the evidence as found and determined by the Judge of Industrial Claims is sufficient to establish that at the time of the accident the employee was not in the course of his employment. The burden is upon the claimant to show “a state of facts from which it may be reasonably inferred that the deceased was engaged in the Master’s business when the accident took place.” Sanford v. A. P. Clark Motors (Fla.1950), 45 So.2d 185; Zipperer v. Peninsular Life Insurance Company (Fla.1970), 235 So.2d 473. He does not attempt to meet this burden and therefore the fact finding order of the Judge of Industrial Claims should not have been disturbed. U. S. Casualty Co. v. Maryland Casualty Co. (Fla.1951), 55 So.2d 741.
Accordingly, the order of the Industrial Relations Commission is quashed and the order of the Judge of Industrial Claims denying compensation is reinstated.
It is so ordered.
ERVIN, C. J., and DREW, THORNAL and CARLTON, JJ., concur.