Steven CHRISTIAN, Petitioner,

v.

NICOR DRILLING COMPANY, Own Risk, and Workers' Compensation Court of the State of Oklahoma, Respondents.

In the Matter of the DEATH OF Markus CHRISTIAN,

Maudie Mae CHRISTIAN, Petitioner,

v.

NICOR DRILLING COMPANY, Own Risk, and Workers' Compensation Court of the State of Oklahoma, Respondents.

Nos. 56490, 56491.

Supreme Court of Oklahoma.

June 8, 1982.

As Corrected on Denial of Rehearing Nov. 15, 1982.

Jack Gray, Oklahoma City, for petitioner.

Robert L. Roark, Chapel, Wilkinson, Riggs, Abney & Henson, Tulsa, for respondents.

OPALA, Justice:

The dispositive issue presented for review is whether, under the facts of this case, an automobile accident en route to work, which resulted in injury to one employee and in the death of another, occurred in the course of their employment. We answer in the affirmative.

Two brothers, Steven and Markus Christian, were employed by Nicor Drilling Company [employer] as members of a crew at an oil well drilling site in southwestern Oklahoma. While en route to the workplace, they were involved in a one-car accident. Markus was killed and Steven severely injured. Both compensation claims were submitted on depositions. In neither case were the material facts in dispute. The trial judge denied the claims upon his finding that at the time of the accident the brothers were not in the course of their employment. The appellate panel of the Workers' Compensation Court affirmed this decision. The claimants brought proceedings for review. The Court of Appeals sustained the orders of the appellate panel, resting its opinions on the general rule that one who is en route to the workplace is not deemed to be in the course of his employment. The claimants seek certiorari. We consolidated the two proceedings for disposition by a single opinion.

Claimants contend that on the fateful morning the workers proceeded to the workplace in their personal vehicle on specific instructions from their supervisor. The employer-provided transportation was unavailable to them when they arrived too late to catch a ride with the carpool. The employer argues that en route to the drilling site the workers could not be considered covered unless they traveled with the driller in the carpool.

■ As a general rule, injuries sustained by an employee while going to, or returning from, his workplace are not compensable.[1] Exceptions are recognized when the employer provides transportation to the job site or whenever the nature of the work itself creates a necessity for travel.[2] These exceptions rest on the law's awareness that in certain situations both the employer and the employee derive mutual benefit from the inclusion of travel in the course of employment.[3] This is particularly true of the oil industry. When drilling sites are at locations remote from population centers, transportation is commonly provided by the employer for the mutual benefit of all parties.[4]

■ Once an employer has acknowledged a need to provide his personnel with transportation, it matters little what method is chosen[5] so long as the means of conveyance used are within the contemplation of both the employer and the employee. An employee who rejects employer-provided transportation and chooses some other method could place himself outside of the employer-

1. *F.W.A. Drilling Co. v. Ulery,* Okl., 512 P.2d 192, 194 [1973].

2. *F.W.A. Drilling Co. v. Ulery,* supra note 1; *Novak v. McAlister,* Okl., 301 P.2d 234, 235 [1956]; *Flour Engineers & Contractors, Inc. v. Kessler,* Okl., 561 P.2d 72, 74 [1977].

3. *Konopka v. Jackson County Road Commission,* 270 Mich. 174, 258 N.W. 429, 430 [1935]; *Texas Employers' Insurance Assn. v. Inge,* 146 Tex. 347, 208 S.W.2d 867, 869 [1948]; *J.D. Dutton, Inc. v. Industrial Commission,* 120 Ariz. 199, 584 P.2d 1190, 1192 [1978]; *Liberty Mutual Ins. Co. v. Chesnut,* 539 S.W.2d 924, 930 [Tx.Civ.App.1976]; *Nicolasi v. Sparagna,* 135 N.J.L. 131, 50 A.2d 867, 868 [1947].

4. *Austin Drilling Co. v. Rice,* Okl.App., 616 P.2d 446, 450 [1980].

5. *Cardillo v. Liberty Mutual Ins. Co.,* 330 U.S. 469, 483, 67 S.Ct. 801, 809, 91 L.Ed. 1028, 1039 [1947].

assumed risk.[6] But compensation may nonetheless be allowed for work-connected injury when the employer has either directed or authorized a deviation from the previously prescribed mode of travel.[7]

■ To resolve the dispositive issue here —if, at the time of the accident, the employees in the instant case were within the course of their employment—we must first determine whether their use of a self-provided vehicle was brought about by circumstances known to, and approved by, the employer or constituted an unauthorized and hence fatal departure.[8]

It is undisputed that each driller at the job site had the sole supervisory responsibility for his own crew. This included hiring, firing and daily transportation. The driller, or some other person designated by him, would convey the crew to and from the workplace and then claim travel reimbursement in accordance with company policy. The day before the accident, the driller informed his crew members that Markus (the deceased worker) would be charged with driving his automobile for the carpool the following morning. When neither Steven nor Markus arrived by the scheduled departure time at the driller's house—the customary assembly point for the crew—the driller, unwilling to risk being late, took his own car, leaving the brothers behind. Conscious of his responsibility for getting all of his crew to work, the driller instructed his wife to tell the two tardy employees that they should proceed forthwith to the well site. Thereafter, Steven showed up at the assembly point. Upon talking with the driller's wife, he went on to his brother's house. In a car operated by Markus, the two then drove toward the workplace approximately 120 miles away. Their accident took place before they reached the job site destination.

The record is clear that the driller did intend—and left explicit instructions—for Markus to proceed on to the well site just as he was originally scheduled to do that morning. In fact, it is undenied that while en route with the carpool the driller stopped and telephoned his wife to inquire if the missing employees had already left from his house. He then learned that they had. When they failed to arrive at the destination when expected, he immediately assumed that they had run into car trouble on their way.

The clear and uncontroverted record is that, at the time of the accident, the workers, while en route to the workplace, were following the specific instructions of their direct supervisor—the driller. They were on a mission he instructed them to pursue, doing precisely what he intended for them to do in order to meet their job requirements.[9] The fact that, at the time of the accident, they were not with the rest of the crew in the driller's vehicle is not fatal to the claims. Nor is it critical that their own actions prevented them from joining the carpool that morning. Because the record

6. *Okla. Natural Gas Corp. v. Union Bank & Trust Co.,* 149 Okl. 12, 299 P. 159, 162 [1931]; *Yorkshire Indemnity Co. v. Gonzales,* 210 F.2d 545, 547 [5th Cir.1954]; *Garbo v. P.M. Bruner Granitoid Co.,* 249 S.W.2d 477, 480 [Mo.App. 1952]; *Hay v. Travelers Ins. Co.,* 106 So.2d 791, 795 [La.App.1958]; see e.g. *Austin v. Payne,* 51 O.B.J. 1690 (Okl.App.1980), withdrawn from official publication.

7. *Cornelius v. Brock,* 275 N.Y.S.2d 632, 633 [N.Y.App.1966]; *Stadler Fertilizer Co. v. Bennett,* 124 Ind.App. 524, 119 N.E.2d 26, 28 [1954]; *Wells v. Cutler,* 90 Colo. 111, 6 P.2d 459, 460 [1931]; *Landry v. Louisiana Hwy. Comm.,* 153 So. 74, 76 [La.App.1934]; *Cohen v. Sloan,* 138 Fla. 752, 190 So. 14, 15 [1939].

8. *Cary v. State Indus. Comm.,* 147 Okl. 162, 296 P. 385, 386 [1931].

9. For other examples where the request or expectation of an employer was held to have the force of an instruction, see: *Jett v. Turner,* 215 Ala. 352, 110 So. 702, 704 [1926]; *Johnson v. Pacific Employers Indemnity Co.,* 439 S.W.2d 824, 827 [Tex.1969]; *Liberty Mutual Ins. Co. v. O'Hearne,* 66 F.Supp. 875, 877 [Dist. Court Hawaii, 1946]; *Driscoll Const. Co. v. Industrial Comm. of Colorado,* 94 Colo. 568, 31 P.2d 491, 492 [1934].

leaves no room for doubt that the driller's instructions to the tardy brothers—for them to proceed on to the work site in a self-procured vehicle—were well within his authority, their departure from the customarily used transportation method constituted an explicitly approved variant of the carpool norm. In short, while on their way to work, *the brothers clearly were using a sanctioned alternative to the employer-authorized carpool arrangement.*

Opinions of the Court of Appeals and the trial tribunal's orders are vacated and the claims are remanded with directions to find—from the undisputed evidence in the record—that both the injured worker and his deceased brother were, at the time of their accident, within the course of their employment.

IRWIN, C.J., BARNES, V.C.J., and HODGES, LAVENDER, HARGRAVE, and WILSON, JJ., concur.

SIMMS and DOOLIN, JJ., dissent.

On consideration of the Petition for Rehearing, rehearing is denied.

IRWIN, C.J., and HODGES, LAVENDER, HARGRAVE and OPALA, JJ., concur.

SIMMS and DOOLIN, JJ., dissent.

BARNES, V.C.J., and WILSON, J., disqualified in considering Petition for Rehearing.