## Eagleson v. Harry G. Preston Co., Appellant.

*Workmen's compensation—Employee of corporation—Salesman —Nonsalaried director—Act of June 2, 1915, P. L. 736.*

1. A salesman of a corporation, on a weekly wage, who is also a director of the corporation, but without salary, wages, or income as such, is an employee of the corporation within the meaning of the Workmen's Compensation Act, and if he is killed in the course of his employment, his widow is entitled to compensation for his death.

2. Not decided whether a higher executive officer of a corporation may claim an award under the compensation act.

Argued Oct. 7, 1919. Appeal, No. 16, Oct. T., 1919, by defendant, from order of C. P. Lawrence Co., June T., 1918, No. 37, reinstating award of referee under Workmen's Compensation Act in case of Jennie Eagleson v. Harry G. Preston Company, a Corporation, and New Amsterdam Casualty Company, a Corporation, Insurance Carrier. Before BROWN, C. J., STEWART, MOSCHZISKER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board. Before EMERY, P. J.

The court sustained the appeal and reinstated the award of the referee in favor of the claimant. Respondent appealed.

*Error assigned* was order reinstating the award of the referee.

*Harry J. Nesbit,* with him *William J. Moffatt,* for appellant.

*Wylie McCaslin,* for appellee, cited: In re Raynes, 118 N. E. Rep. 387; Beckman v. Oelerich, 160 N. Y. Supp. 791.

OPINION BY MR. JUSTICE MOSCHZISKER, October 22, 1919:

At the time of E. C. Eagleson's death he was employed as a salesman by defendant company, on a weekly wage; he was also a director of this corporation, but received no salary, wages or income as such. Deceased was killed by the overturn of an automobile, used as a conveyance, while taking orders and delivering goods in his capacity of salesman. A claim petition was filed by his widow, and the referee made an award in her favor, but the compensation board, without granting a hearing de novo, reversed; the award was reinstated by the court of common pleas, and this appeal followed.

Section 103, Article I, of the Act of June 2, 1915, P. L. 736, provides: "The term 'employer'......is declared to be synonymous with master, and to include natural persons, partnerships, joint stock companies, corporations for profit, corporations not for profit, municipal corporations, the Commonwealth, and all governmental agencies created by it." Section 104 defines "employee" as follows: "The term 'employee'......is declared to be synonymous with servant, and includes all natural persons who perform services for another for a valuable consideration, exclusive of persons whose employment is casual in character and not in the regular course of the business of the employer, and exclusive of persons to whom articles or materials are given out to be made up, cleaned, washed, altered, ornamented, finished or repaired, or adapted for sale, in the worker's own home, or on other premises not under the control or management of the employer."

Although several specific exclusions appear, yet, as may be seen, there is nothing in the provisions, or definitions, just quoted which deprives the present claimant of the benefit of the statute, simply because her husband, a salesman in defendant's employ, happens to be named as one of its directors; and the learned court below did not err in so determining. In conclusion, we may note that

this is not the case of a higher executive officer of a corporation claiming an award under the Compensation Act; that point will be met and decided when we come to it, and not before.

The judgment is affirmed.