## Gray *v.* Gray Printing Company et al., Appellants.

*Workmen's Compensation Law—Death—Employer and employee—President—Co-owner.*

In a claim under the Workmen's Compensation Act which was disputed on the ground that the claimant's decedent was not an employee, the evidence established that the stock of the defendant corporation was owned in equal proportions by four men, of whom the claimant's husband was one; that the claimant's husband was President of the defendant company and that all the owners were engaged in the actual conduct of the business and were directors thereof. It further appeared that the claimant's husband was killed while returning from a meeting which he had attended at the request and direction of the editior of the defendant company, and that his presence at the meeting was in connection with his official duties.

The claimant's husband, at the time of the accident and in the service rendered, was acting as an employee of the corporation and was fairly within the provisions of the Workmen's Compensation Acts.

Argued October 26, 1925. Appeal No. 137, October T., 1925, by defendants, from judgment of C. P. Clearfield County, September T., 1924, No. 547½, in the case of Hannah Gray v. Gray Printing Company; Pennsylvania Manufacturers' Association Casualty Insurance Company, Insurance Carrier. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Appeal from Workmen's Compensation Board. Before CHASE, P. J.

The court sustained the award in the following opinion:

This issue is before the Court on appeal from findings of the Workmen's Compensation Board. The facts as found by the Referee which have bearing upon the issue raised in this appeal, in substance, are:

The Gray Printing Company, the defendant, is a corporation organized under the laws of Pennsylvania, with a capital stock of Twelve Thousand Dollars. In September, 1923, this corporation consisted of four members, each owning one-fourth of the stock. One of these stockholders was Edwin Willis Gray, the husband of the claimant herein. The said Edwin Willis Gray was President of the Company and was designated general manager. Each of the other stockholders of this corporation held one executive office or other. One as Vice President and Editor of the paper; another Secretary and Treasurer, having charge of the circulation and advertising department; and the remaining stockholder, a son of Edwin Willis Gray, was assistant to his father and had charge of the commercial and mechanical end of the business. All of the members of the corporation were directors. That by agreement between these four stockholders each party was to receive Four Thousand Dollars per year for his services to the corporation, against which fixed wage or salary they were permitted to draw Forty Dollars each per week during the year and the remaining part of the Four Thousand Dollar wage or salary being paid at the end of the year, providing the profits of the Company permitted. None of the members of this corporation received any salary by reason of any corporate office held but the same was paid because of services actually rendered the corporation in looking after the work assigned to each member. That on September 27th, 1923, Edwin Willis Gray, the President, director and designated as general manager of the

Defendant company, was killed while returning to DuBois from a meeting of the Lakes-to-the-Sea Highway Association, held at Clarion, Pennsylvania, on that date. That Mr. Gray had attended said meeting at request of Mr. Ross, the Editor of the paper of the defendant corporation, for the purpose of reporting said meeting for the paper. The deceased at different times had attended meetings for the purpose of reporting the proceedings for the daily paper issued by the defendant company.

On these facts the Referee found that the decedent was an employee of the defendant corporation and was engaged in the course of his employment at the time of the accident and, therefore, compensation should be awarded the claimant. This appeal alleges error in the findings of fact by the Referee and the construction of the Act of Assembly so as to find the deceased was an employe of the defendant company within the meaning of that word as used in the Act. As to the alleged error in the finding of facts an examination of the testimony satisfies us that the facts as found by the Referee are fully supported by the evidence.

As to the second proposition raised by this appeal, the defendant earnestly contends that the deceased, being an executive officer of the defendant company, namely, its President, and being such could not be held to have been an employee while on the trip to Clarion to attend the meeting mentioned, although this trip was made by direction of another officer and was for the benefit of the defendant corporation. The defendant contends that by virtue of the office held by the deceased and his authority thereunder no other reasonable construction could be given than that he was the master or employer and as such could not be classified as an employee or servant within the meaning of the terms as used in the Compensation Act, and relies to sustain this position on the case of Bastheim v. Henry Wilkins & Co., Inc., reported in Department

Reports of Pennsylvania, vol. 3, page 3355, decision by Commissioner SCOTT, wherein the Commissioner says that the executive officers and directors of a corporation theoretically and in a broad sense serve it but in the ordinary and usual sense they control and direct its activities, and in the practical and real sense they are its masters. It does not appear consistent with the occasion and policy dictating the Act that the Legislature had in mind the anomalous relation of executive officer who may do work for a corporation of a nature similar to that of its other employees as being entitled to compensation in case of accident.

As we interpret the language of the Commissioner in that case, it is held that because of the fact that a person holds one of the executive offices in a corporation and because of that fact alone the Act does not apply. This theory has been exploded by the Supreme Court and is not the law. Eagleson v. Harry G. Preston Company, appellants, 265 Pa. 397.

In this Bastheim case the Commissioner, in his opinion, refers to the language of the United States Supreme Court in the case of New York Central Railroad v. White, 243 U. S. 188, wherein the Court, in discussing reasons in support of the legislation of the character of the Workmen's Compensation Acts, says, in part, that under the present system the injured workman is left to bear the greater part of industrial accident loss which, because of his limited income, he is unable to sustain, so that he and those dependent on him are overcome by poverty and frequently become a burden upon public or private charity and that litigation is unduly costly and tedious, encouraging corrupt practice and arousing antagonism between employer and employees. It appears that this language of the United States Court was quoted by the Commissioner to show that it was the intention of the Legislature that the Act should exclude under all cir-

cumstances compensation to an injured who happened to be an executive officer in a corporation, even though the facts clearly showed that the injury was caused while in the course of employment for a company which was entirely foreign and outside of his duties as an executive and that the facts clearly showed that he was the most humble of the laborers. This position was taken partly on the theory that an executive officer of a corporation would not be dependent upon his wages as a laborer or a workman for a livelihood and therefore it was not the intention of the Legislature under any circumstances to allow compensation to one who was an executive officer of the company.

We feel that this interpretation of the intention of the makers of the Act cannot be justified. If all corporations were wealthy and large concerns, if all the executive officers were financially independent and did not depend on their labor to secure means to meet the requirements of life and were receiving a salary as executive officers, that presumption would be reasonable. But it is a well known fact that many corporations are organized by men in business of very limited means in order to secure the protection that incorporation affords against loss of their homes in case the business may prove a failure and that incorporators are not infrequently men who by their actual hard manual labor for the corporation produce not only the income of the corporation but are dependent upon their wages from their work and not from the profits of the company for their living. The corporation involved in this issue is a demonstration that the officers are not relying upon profits from the corporation to secure life's necessities but upon their individual labor for the corporation, not as executives but as employees in fact at a wage for said employment. If any presumption is to be made because of existing conditions

when the proposed legislation was under advisement as to what the Legislature intended to include in the word employee from facts and conditions actually existing at the time, we feel that the reasonable one to presume would be that where the facts justified the conclusion that although a person was an executive officer he was injured while in the course of his employment not as an executive officer but in an employment for his company on a wage for services rendered outside of the duties of his executive position, that it was intended that he should be treated as an employee of the corporation. To our mind that would be the reasonable presumption of the intention of the Legislature instead of the one advanced by the Bastheim case. This, especially in view of the fact that the law recognizes that a corporation is a complete entity, separate and distinct from the stockholders and officers.

The Supreme Court has held that the Compensation Act, being a remedial Act, is to receive a liberal construction. Pater v. Superior Steel Co., 263 Pa. 244. And in discussing the meaning of the word employee as used in the Act, Chief Justice VON MOSCHZISKER, speaking for the Court in the case of McCarthy v. Dunlevy-Franklin Company, in 277 Pa. 467, says: The test, however, is, was he an employee within the meaning of the Act and the fact that the above quoted definition, (referring to the definition in the Act) declares an employee to be synonymous with servant must be taken with its context, bearing in mind that the word synonymous means expressing the same or nearly the same idea. In that case it was held a claimant was within the purview of the Act if he was under the control and directions of the defendant company and therefore the test that seems to be applied in determining whether a party falls within the meaning of the word employee as used in the Act is one of fact, and where the facts show that the injured was under the control and direction of the defendant company the

Courts will hold that he was an employee in order that the intentions and purposes of the Act may be carried out.

As we view it, an executive officer injured in the course of his duty as an executive officer is not within the purview of the Workmen's Compensation Act and is not entitled to compensation. But if an executive officer of a corporation is engaged by the corporation in some other capacity and the facts show that an alleged injury resulted while engaged in the service of the company while performing the duties of his employment, which were outside of the executive duties, compensation would be allowed. There is no inconsistency in occupying a dual capacity in a corporation, one as an executive and one as an employee, and when the facts disclose this condition to exist and an injury results while in the performance of an executive duty no compensation can be had under the Workmen's Compensation Act, because compensation to an executive injured in the performance of his duties as such is not within the purview of the Act. But there being nothing unlawful in a corporation employing an executive officer as a workman and the corporation being a separate and distinct entity in law, if the facts disclose that the injury was the result of the performance of the duties for which the injured was employed, compensation would be allowed as being within the purview of the Act and the meaning of the term employee.

As we view the findings of fact found by the Referee, the deceased was performing one of his duties as an employee of the defendant company while engaged in that line of work which at times he was called upon to perform because of his employment and as a part of his employment and in the discharge of a duty in no way connected with his office as President or director of the company, and although the deceased was designated general manager the facts show that he had his particular line of work which cooperated with the other

stockholders in performing the daily work that made possible the publishing of a newspaper and carrying on the newspaper business, the purposes for which the incorporation was had. The position of the deceased and his compensation was the same as that of the Editor, the manager of the advertising department and of the manager of the mechanical department, that of a laborer within the field designated for him under the arrangements of the corporation.

In arriving at our conclusions as to the law, in addition to the authorities hereinbefore referred to the following authorities were consulted: Annotations 15 A. L. R. 1288; Annotations 25 A. L. R. 376.

In accordance with the views taken of the law, the appeal is dismissed at the costs of the appellant. Exceptions noted and bill sealed, and the following order made:

Now, March 26th, 1925, the findings of facts, conclusions of law and the award of the referee and appeal sustaining the same by the Board, are affirmed and the appeal is dismissed, and compensation is awarded to the said Hannah Gray, claimant, and the defendant, the Gray Printing Company, or its insurance carrier, The Pennsylvania Manufacturers Association Casualty Insurance Company, Philadelphia, Pennsylvania, are ordered and directed to pay to the claimant, Hannah Gray, the dependent widow of the deceased employee, Edwin Willis Gray, compensation for the death of her husband from the injuries received by him on September 27th, 1923, while in the course of his employment by the defendant at or near Brookville, Jefferson County, Pennsylvania, at forty per cent of the maximum of Twenty Dollars or Eight Dollars per week for the period of 300 weeks, amounting to $2400.00; payments of compensation to begin on October 7th, 1923; also the sum of One Hundred Dollars on account of the expenses of the last illness and burial of the decedent, together with costs of this proceeding. Judg-

ment to be entered for the same in accordance with the provisions of the Act of Assembly. Exception noted and bill sealed to the appellant. Defendant appealed.

*Error assigned* was the decree of the court.

*Henry I. Wilson,* and with him *H. W. Moore,* for appellants.—Decedent was not an employe of the defendant corporation: Eagleson v. Harry G. Preston Co., 265 Pa. 397; Bastheim v. Wilkins & Co., 1 Mackey, 225, 3 Dep. Rep. 3355, 66 Pitt. L. J. 809.

*Herbert A. Moore,* and with him *Singleton Bell, Harry Boulton, John C. Forsyth,* and *F. Cortez Bell,* for appellee.—The fact that the decedent was president does not remove him from the list of compensable employes: Eagleson v. Preston Co., 265 Pa. 397; McCarthy v. Dunlevy-Franklin Co., 277 Pa. 467; Pater v. Superior Steel Co., 263 Pa. 244; Tarr v. Hecla C. & C. Co., 265 Pa. 519.

OPINION, BY HENDERSON, J., February 26, 1926:

The question presented for our consideration in this case is whether the conclusion of the Referee, the Compensation Board and the court that the claimant is within the protection of the compensation act is supported by the evidence. The facts are fully found by the Referee from the evidence presented at the hearing. The Gray Printing Company is a corporation whose business is carried on at DuBois in this state. It publishes a newspaper and conducts a job printing establishment. There are 1200 shares of stock which were owned in equal proportions by four men of whom the claimant's husband was one. All of the owners were engaged in the actual conduct of the business and were directors. The claimant's husband was president; another owner was vice president; a third was secretary and treasurer. There was an understanding

among the parties that the president should act as a manager; the vice president as editor of the paper; that the secretary and treasurer should have charge of the circulation and advertising departments, and that the other stockholder should have charge of the commercial and mechanical branches of the business. It is not disputed that the claimant's husband attended the meeting of the improved highway association at Clarion at the request and direction of the editor to secure a report of the proceedings there held, for publication in the paper, and the evidence supports the conclusion of the Referee that his presence at the meeting arose from the nature of the duties he was engaged in for the Printing Company at the time of the accident. None of the officers received compensation as such. Under the arrangement existing among them each was authorized to draw $40 per week from the income of the company for their services and, if the success of the business permitted, an additional amount not exceeding in the total $4000 a year. If a surplus of profits remained, it was subject to division in dividends. The testimony supports the contention that Mr. Gray was a general utility man who on various occasions acted as a reporter and performed other services having no relation to his position as president of the company. In view of the character of the company, the four-man feature of its ownership and management and the varied capacities in which each man acted, some of which were clearly in the nature of a servant or employee of the corporation, there is foundation for the conclusion reached that the claimant's husband at the time and in the service rendered was acting as an employee of the corporation and was fairly within the provisions of the Compensation Acts of 1915 and 1919. The subject has been discussed at length by the learned trial judge and we need not amplify his opinion.

The judgment is affirmed.