## Santi *v.* American Coal Exchange, ·Appellant.

*Workmen's    Compensation    Law—Employee—Employer—Salaried officer.*

A salaried officer who exercises complete control over the operations of a company, hiring and discharging employes and directing the execution of the work in which the company was engaged, is not a servant of the company within the contemplation of the Workmen's Compensation Law.

The test in such circumstances is the power which the officer exercises: Where an ultimate deduction from the facts found by the compensation authorities, or recited in evidence, involves a con-.clusion that either brings the case within or excludes it from coming within the essential definitions used by the Compensation Act, no matter in what form the conclusion may be stated, whether as a finding of fact or of law, it is reviewable by the courts in its latter aspect, to see whether or not the underlying findings of fact on which it rests have legally competent evidence to sustain them. ·

Carville *v.* Bornot & Co., 288 Pa., 104, followed.

Argued March 9, 1927.  Appeal No. 29, February T., 1927, by defendant from judgment of C. P. Lackawanna County, January T., 1926, No. 1535, in the case of Helen Santi v. American Coal Exchange.  Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.  Reversed.

Appeal from Workmen's Compensation Board.  Before POTTER, P. J., 17th Judicial District, Specially Presiding.

The facts are stated in the opinion of the Superior Court.

.The court affirmed the award of the Workmen's Compensation Board.  Defendant appealed.

*Errors assigned,* among others, was the judgment of the Court.

*Walter W. Harris,* of *Knapp, O'Malley, Hill & Harris,* for appellant.—The deceased was a general

manager, exercising complete control over the operations of the defendant company, and not a servant within the contemplation of the Workmen's Compensation Law: Carville v. Bornot & Company, 288 Pa. 104.

*H. W. Mumford,* and with him *E. L. Burns,* for appellee.—The deceased was an employee and within the meaning of the Compensation Act: Gray v. Gray Printing Co., 87 Pa. Superior Ct. 302; Eagleson v. Harry C. Preston Co., 265 Pa. 397.

OPINION BY PORTER, P. J., July 8, 1927:

This is an appeal by the defendant from an order of the court below affirming an award under the Workmen's Compensation Act. Giovanni Santi, the husband of plaintiff, died as the result of an accident which occurred at the plant of the defendant company. The compensation authorities found that the deceased was an employe of defendant within the meaning of the statute; that at the time of the accident he was "President of the American Coal Exchange, Inc., a Director and General Manager;" that he received no compensation as president or director of the corporation, but that he received as "General Manager" a salary of $150 per week; that he owned 1001 shares of the total capital stock issue of 2000 shares, thereby being in possession of a majority of the stock; that his duty as "General Manager" was to superintend the coal stripping operation in which the defendant company was engaged, and to superintend the production of coal, and that he had complete supervision over the workmen; that he employed and discharged men; that he was, within the meaning of the statute, an employee or servant of the defendant; that he was killed in the course of his employment as "General Manager" and that his widow was entitled to compensation, which

conclusion was affirmed by the court below.  There was no dispute, under the testimony, and the defendant admitted that the deceased was killed by an accident which occurred in the course of the discharge of his duties as "General Manager."  The findings of fact by the referee and Workmen's Compensation Board were clearly established by the evidence, and it was an undisputed fact, established by evidence introduced by the claimant, that the deceased was the only person "who had the power of hiring and employing men and superintending the operation of the work of the company."  The By-Laws of the company did not provide for the office of "General Manager," and the resolution of the Board of Directors under which the decedent became entitled to compensation for acting as "General Manager" did not define the duties of the official position.  The resolution of the Board of Directors, under which the decedent assumed absolute control of the operations of the company was adopted on August 10, 1923, and was worded: "It was moved, seconded and carried that Mr. Giovanni Santi be employed to act as General Manager of the company at the salary of $100 per week," and the amount of the salary was subsequently increased by a resolution of the Board of Directors.  The question involved is whether the evidence shows that the deceased was, at the time of the accident, a servant in the employ of the defendant and paid wages as such, or whether it requires a finding that he occupied the position of a salaried officer of the defendant corporation.

The essential factor is the relationship of decedent to the corporation at the time of his death.  The evidence clearly shows that he was a salaried officer, exercising complete control over the operations of the defendant company, hiring and discharging employees and directing the execution of the work in which the company was engaged.  The rights of the parties are

not to be determined by the mere name given to the officer by the By-Laws, or the resolution of the Board of Directors, under which he is appointed. The test is the power which the officer exercises. "Where an ultimate deduction from facts found by the compensation authorities or recited in the evidence involves a conclusion that either brings a case within or excludes it from coming within essential definitions used by the Compensation Act, no matter in what form the conclusion may be stated, whether as a finding of fact or of law, it is reviewable by the courts in its latter aspect, to see whether or not the underlying findings of fact on which it rests have legally competent evidence to sustain them and, considering the legal meaning of the relevant definitions, warrant the conclusion in question, or whether the evidence itself, when looked at in the light most favorable to the claimant, brings the case within the statutory definitions and warrants such a conclusion. Here, the question is whether the evidence shows that the injured person was, at the time of the accident, a servant in the employ of the defendant and paid wages as such, or whether it requires a finding that he occupied the position of a salaried official of the defendant corporation. If the former, he is within the Compensation Act, if the latter he is not. The solution of the problem depends on the legal meaning of certain parts of the statute, and whether the evidence depended on for the purpose, accepting it as true, brings plaintiff's case within the statutory definitions thus involved is a question of law:" Carville *v.* Bornot & Co., 288 Pa. 104. The principles so ably discussed by Chief Justice von Moschzisker, in his opinion in the case cited, rule this case. The deceased was not a servant of the company within the contemplation of the Workmen's Compensation Law; he was the master, exercising an absolute control over the work, and the compensation authorities

and the court below erred in holding that his widow was entitled to compensation under the statute.

The judgment is reversed, and is here entered in favor of the defendant.