Troxel *v.* Troxel Insurance Agency, Inc., et al.,
Appellants.

Argued November 15, 1944.   Before KELLER, P. J.,
BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*Harvey B. Lutz,* submitted a brief for appellants.

*Henry M. Hipple,* for appellee.

OPINION BY HIRT, J., January 25, 1945:

Claimant was seriously injured in an accident on July 30, 1938 while soliciting business for defendant corporation.   The referee awarded compensation and both the board and the court affirmed.   The question of

law here is whether the evidence is sufficient to support the finding that claimant when injured was an employee of the corporation entitled to compensation as such. There is little dispute as to the facts.

Before incorporating his business in 1930 claimant conducted an agency selling fire insurance as a broker for a number of insurance companies. The agency was continued by the corporation thereafter with claimant in sole charge. He owned 48 of the 50 shares of stock. Claimant was president of the corporation but there were no by-laws defining his duties. The business after incorporation continued to be a one-man affair. Claimant's duties were both those of corporate management and the personal solicitation of business for the agency. According to the records of the corporation he received a monthly salary of $120 as *president* for all services rendered. As long as that arrangement continued it is at least doubtful that the corporation would have been liable for compensation in the event of his accidental injury. A salaried official exercising control of the business of a corporation and directing its affairs is not a 'servant' and the corporation is not his 'master' in the sense contemplated by the compensation law. Amendment of June 21, 1939, P. L. 520, §1, 77 PS 21, 22. Such executive officer in general is not entitled to compensation as an employee. *Santi v. Amer. Coal Exchange,* 91 Pa. Superior Ct. 271; *Nirenstein v. Colang, Inc. et al.,* 111 Pa. Superior Ct. 72, 169 A. 404; *Carville v. Bornot & Co.,* 288 Pa. 104, 135 A. 652.

But there had been a change in claimant's relation to the corporation before his injury. The business had become financially involved; the corporation owed a substantial sum to a local bank and was heavily indebted to four insurance companies for past-due premiums on policies issued by the corporation as their agent. In July 1934 special representatives of the four companies met with claimant and with the secretary of the corporation. A written agreement had been prepared be-

tween the corporation and the four creditor insurance companies providing for the appointment of a trustee to take charge of the affairs of the corporation "for the purpose of continuance of the business of the Agency ...... and preserving the interests of all parties named." The agreement was not executed however because of a provision relating to the sale of the agency in the discretion of the trustee, which was not acceptable to the bank holding the corporation's note. But because of the necessity for immediate action the writing was not redrawn but its provisions (except that relating to the sale of the agency) were orally agreed to by claimant as president and by the secretary of the corporation on its behalf, as well as by the representatives of the four insurance companies. By the agreement Howard C. Adey was named trustee for all parties in interest and he immediately assumed exclusive management and control of the business of the corporation.

Management of the business of a corporation is not incident to the office of president. A corporation may select any one it chooses to direct its affairs. And although retaining his office as president, claimant was free to resign as manager and to undertake routine work under another as an employee. The agreement in this case was made with the creditors of the corporation by claimant as president and by its secretary. Although no formal corporate action was taken, the circumstances indicate that they had authority to make the agreement, orally, in its behalf. The effect of the arrangement was not an assignment of the assets of the corporation for the benefit of creditors; it related merely to the appointment of a new manager of its business affairs. That these two officers had the necessary authority must be assumed from the acquiescence of the corporation in the performance of the agreement for more than four years and until after claimant's injury. Moreover the agreement had the unanimous approval of all three of the stockholders. It was made by the president and secre-

tary who together held 49 of the 50 shares of stock and the testimony of the holder of the remaining share indicates that the arrangement was satisfactory to him.

After the trustee's appointment he opened a new bank account under his control subject to withdrawal only on his order joined in by the secretary. The trustee reduced claimant's compensation to $100 per month (payable not by the insurance companies but from the earnings of the corporation) and thereafter claimant became a mere solicitor of insurance and collector of premiums under the supervision of the trustee; he was so acting at the time of his injury. Although still president of the corporation pro forma, he had ceased to have any voice in the direction of its affairs. Thereafter he performed only such duties as were assigned to him by the trustee in charge, and the services which he performed had no relation to his office as president.

Clearly, at the time of the accident, claimant was a servant of the corporation and was paid wages as such and not as a salaried executive officer. His injury therefore was compensable. *Gray v. Gray Printing Co. et al.*, 87 Pa. Superior Ct. 302; *Eagleson v. Harry G. Preston Co.*, 265 Pa. 397, 109 A. 154.

It was stipulated that claimant had died before the appeal was disposed of in the lower court. Judgment was entered in favor of the administrator of his estate under §410 of the Compensation Act, as amended, 77 PS 751.

Judgment affirmed.