# Babis *v.* Mount Jacob Cemetery Company et al., Appellants.

Argued September 30, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, and WOODSIDE, JJ. (ERVIN, J., absent).

*Raymond A. White, Jr.* and *Raymond J. Porreca,* for appellant.

*Guy G. deFuria,* for appellee.

OPINION BY ROSS, J., December 9, 1955:

This workmen's compensation case involves the sole question whether at the time of the accident the claimant's deceased husband, Jacob Babis, was an employe of the defendant within the meaning of the Act. The referee, after hearing found that he was and entered an award. The board reversed the finding of the referee, and set aside the award. The lower court, after first remanding for more explicit findings, reversed the board and entered judgment for the claimant and this appeal by the employer and its insurance carrier followed.

On April 8, 1952, the deceased, while working on the cemetery grounds of the Mount Jacob Cemetery Company, a corporation owned by him, his wife, his son and his daughter-in-law, suffered fatal accidental injuries when he was struck by a truck. It is admitted that the deceased worked for and received pay from the defendant corporation, the only problem being whether he did so as an executive officer or as an employe. The claimant had the burden of showing that at the time of his fatal injury, her husband was an employe of the defendant corporation. *Sechrist v. Kurtz Bros.*, 147 Pa. Superior Ct. 214, 24 A. 2d 128. Where the Board finds against the one who has the burden of proof, our review is limited to determining whether its findings of fact are consistent with each other and with the conclusions of law, and whether its order can be sustained without a capricious disregard of the competent evidence. *Bartman v. Jones and Laughlin,* 163 Pa. Superior Ct. 31, 35, 60 A. 2d 565. In this case we are concerned only with determining whether the findings of fact are consistent with each other. The board found inter alia "3. That on April 8, 1952, the decedent was self-employed under the name of the Mount Jacob Cemetery Company and there is no credible evidence

showing that he was an employee of the company at any time." If this were the only finding in the case, of course, the disallowance of the award was proper. However in view of other and inconsistent findings, the case must be sent back to the board for further consideration and determination.

Ordinarily, the test for the employer-employe relationship is only whether the workman is subject to the defendant's control or right of control not only with regard to the work to be done but also with regard to the manner of performance. *Cookson v. Knauff,* 157 Pa. Superior Ct. 401, 404, 43 A. 2d 402. Where an executive officer is involved the problem broadens to include a determination of whether he performed services having no relation to his executive position and not incidental thereto and whether he is compensated for performing these services as distinguished from his compensation as an executive. *Gray v. Gray Printing Co.,* 87 Pa. Superior Ct. 302.

In the *Gray* case, the deceased was one of four stockholders in the defendant corporation, each owning equal shares, and each serving as an officer. They mutually agreed to perform certain services for the corporation and they were paid for these services but not as executive officers. Gray was killed while performing one of these duties. We held that compensation was properly due the widow. So too, in *Eagleson v. Harry G. Preston Co.,* 265 Pa. 397, 109 A. 154, our Supreme Court held that a claimant was not barred by the mere fact that her deceased husband was one of the directors of defendant corporation, he being a salesman and paid as such at the time of the accident. These cases as well as the leading case of *Carville v. Bornot and Co.,* 288 Pa. 104, 135 A. 652 are fully and ably discussed in *Nirenstein v. Camp Colang,* 111 Pa. Superior Ct. 72, 169 A. 404. In the *Carville* case, decedent was a vice-president

of defendant corporation, owning one-fifth of its stock. He was paid a substantial fixed salary in that position. At the time of the accident, he and the president were investigating a chemical leak at one of the plants. An explosion occurred, killing him. Compensation was denied upon the reasoning (page 113) : ". . . the term 'master' was not intended to cover a corporation paying a substantial salary to an executive officer, or the terms 'employee' and 'servant', one occupying the position which Carville did in the organization of the defendant corporation . . .". In the *Nirestein* case, the claimant was a vice-president and received a salary as such. When injured, she was traveling in pursuance of her executive duties. Compensation was denied because (page 79) : "Claimant was rather an executive officer of the corporation, who received a salary for performing the duties pertaining to that office, not a mere employee within the meaning of the statute because as incidental to her office she may have done work which otherwise would have been performed by an employee." The *Gray* and *Eagleson* cases are there distinguished (page 78) on the ground that in neither of them did the officer receive any salary or income by reason of such office, but as compensation for his services as an employe. Here the board specifically found that the deceased received no pay as a director or officer.[1] Consequently, it must follow that he was paid as an employe.

Furthermore, the board also found: "12. The decedent received the sum of $50.00 per week as indicated by the corporation's *pay roll* records and testimony of record." (emphasis supplied) Bernard Babis testified as follows: "Q. How was your father carried on the books of the corporation so far as his $50. per week is concerned? A. I don't understand the question. What

---

[1] 14th finding of fact.

do you mean by how was he carried on the books of the corporation? As an employee, as a workingman, the same as all the working men. Only the working men were carried on the books as employees; no officers were. (57a) . . . Q. Was your father carried on as an employee for social security purposes? A. Yes, sir. . . . Q. Was your father carried as an employee for unemployment and Workmen's Compensation purposes? A. Yes, sir."

This case is further complicated by the board's 13th finding which reads as follows: "The weekly payment to the decedent was not as a salary nor as wages but was money received by him as a participant in a joint venture with members of his immediate family." If this is a finding of fact, there is no evidence to support it. If it is a conclusion, it is unwarranted. Defendant was a duly organized Pennsylvania corporation. Our courts will not sanction a disregard of the corporate entity *merely* because the stock is closely held. There must be present some item of unfairness, injustice or some compelling public policy favoring such disregard. *Tucker v. Binenstock*, 310 Pa. 254, 263, 165 A. 247. No such unfairness or injustice is involved here. *Santi v. American Coal Exchange*, 91 Pa. Superior Ct. 271, cited by appellant is not apposite. We held there only that Santi was a salaried executive. The entity was not disregarded.

We cannot change or make new findings of fact. The record as it stands contains inconsistent findings and conclusions and our only recourse is to remand the case to the compensation authorities for clarification of these inconsistencies. See *Leber v. Naftulin*, 179 Pa. Superior Ct. 22, 115 A. 2d 768.

The judgment is reversed and the record is ordered remanded to the board for further consideration and determination consistent with this opinion.