No. 23293.

INDUSTRIAL COMMISSION OF COLORADO, ENGLEWOOD MOVING AND TRUCK RENTAL COMPANY, AARON AND SANTA FE MOVING AND STORAGE COMPANY, INCORPORATED, HELP INCORPORATED, AND HOME INDEMNITY COMPANY *v.* BEVERLY A. LAVACH.

(439 P.2d 359)

Decided April 15, 1968.

434

Burnett, Watson & Horan, for plaintiffs in error Englewood Moving and Truck Rental Company, Aaron & Santa Fe Moving & Storage Company, Inc., Help Incorporated, and Home Indemnity Company.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, Peter L. Dye, Assistant, for plaintiff in error Industrial Commission of Colorado.

RICHARD A. ZARLENGO, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE MOORE.

JOHN R. LAVACH died in a motor vehicle accident while returning home from his place of business on the evening of December 23, 1966. The decedent's widow, Beverly A. Lavach, thereafter filed a notice and claim for workmen's compensation with the Colorado Industrial Commission. The referee conducted hearings on March 3, 1967, and entered his order denying the claim for compensation. The Industrial Commission on review of the referee's order affirmed the action of the referee. On review in the district court the order of the Commission was reversed and judgment was entered directing the Commission to award full workmen's compensation benefits to the claimant. The present writ of error is directed to that judgment of the district court.

From the testimony and exhibits presented at the March 3 hearing, the following undisputed facts were established. Decedent, John Lavach, began working for his father-in-law, Ralph Jerome, in the early 1950s with the understanding that he, Lavach, would eventually become part owner of Jerome's business. Jerome owned all the capital stock in three interrelated corporations: The Aaron & Santa Fe Moving & Storage Company, the Englewood Moving & Truck Rental Company, and Help, Incorporated. Jerome transferred half the corporate stock in these corporations to Mr. and Mrs. Lavach approximately three years before John Lavach's death, and on May 1, 1966, Jerome conveyed to the Lavaches his remaining fifty per cent interest. Claimant did not participate in the management of the three corporations during her husband's lifetime.

Englewood Moving & Truck Rental Company paid the decedent a monthly salary of $1250. Decedent's services

for this company included delivering packaging materials to the firm's customers and preparing estimates for local moving jobs performed by the Company. For these purposes the Company provided decedent a Ford pickup truck and paid all expenses connected with operating this vehicle. Decedent's agreement with the Company antedating his acquisition of all the stock thereof further permitted him to drive the Company's truck between the office and his home in Broomfield each day at the expense of the corporation.

On the evening of December 23, 1966, decedent left the company offices in the pickup truck at 4:18 P.M. He drove four blocks south to meet his son who was temporarily employed in Denver during the Christmas holidays. He then drove to the Valley Highway and proceeded northward toward Broomfield, and the fateful accident occurred. The evidence shows that decedent occasionally delivered material for the Company en route to his Broomfield home and during evenings in the Broomfield area. However, there is nothing in the record to suggest that he intended to make any deliveries on the evening of December 23, 1966.

The Industrial Commission on these facts concluded that John Lavach was an *employee* within the meaning of the Act, but that he was not engaged in the performance of services under a *contract for hire* at the time of his death. It was the Commission's reasoning that, by virtue of decedent's ownership of all the stock in his employer, the corporation was merely the decedent's alter ego, and that he could not have entered into a contract of hire with himself. The Commission thus disregarded the distinct legal existence of the Englewood Moving & Truck Rental Company as a corporation to defeat this claim under the Colorado Workmen's Compensation laws.

In this jurisdiction a court in the exercise of its equity jurisdiction may disregard the corporate form where justice requires such action. In these cases, how-

ever, the party seeking to deny an individual the benefits of incorporation on equitable grounds must clearly show that the corporate fiction has been used to perpetrate a fraud or defeat a rightful claim. *Contractors Heating & Supply Co. v. Scherb,* 163 Colo. 584, 432 P.2d 237; *Fink v. Montgomery Elevator Co.,* 161 Colo. 342, 421 P.2d 735. This principle is applicable to workmen's compensation cases where, as here, the claimant controls his corporate employer but suffers injuries while performing an employee's duties. See *Corcoran v. P. G. Corcoran Co.,* 245 Minn. 258, 71 N.W. 2d 787; *Babis v. Mount Jacob Cemetery Co.,* 179 Pa. Super. 616, 118 A. 2d 588; *Milwaukee Toy Co. v. Industrial Commission,* 203 Wis. 493, 234 N.W. 748.

█ █ The fact that decedent owned all the stock in the corporation, standing alone, is insufficient grounds on which to base a denial of benefits under the Workmen's Compensation law. This court in *Box v. Roberts,* 112 Colo. 234, 148 P.2d 810, approved this rule in the following terms:

"* * * Even where all the stock is owned by a sole shareholder, there seems no adequate reason to depart from the general rule that the corporation and its shareholders are to be treated as distinct legal persons. * * *"

The record in the instant case contains no evidence tending to show that Lavach conducted his business through the Company "as a means of accomplishing a fraud or an illegal act." See *Gutheil v. Polichio,* 103 Colo. 426, 86 P.2d 972. Upon this phase of the case the judgment of the district court was correct.

The Commission further concluded that decedent as an employee of the Englewood Moving & Truck Rental Company was fatally injured while returning home from his place of business and consequently did not suffer injuries "arising out of and in the course of his employment." C.R.S. 1963, 81-13-2 (1) (c). As a general rule an employee injured while travelling to and from his place of employment is not entitled to compensation under the

438

Workmen's Compensation Act. *Industrial Commission v. Nissen,* 84 Colo. 19, 267 P. 791; *Industrial Commission v. Anderson,* 69 Colo. 147, 169 P. 135.

The instant case, however, presents special circumstances which invoke well-recognized exceptions to the general rule. The Company here agreed with the decedent that he could use the Company truck for transportation between Broomfield and Denver and for local deliveries in the Broomfield area. Expenses of the journey were paid by the Englewood Company. Where the employer agrees to provide its employee with the means of transportation or to pay the employee's cost of commuting to and from work, the scope of employment inferentially enlarges to include the employee's transportation. *Eby Construction Co. v. Industrial Commission,* 151 Colo. 320, 377 P.2d 745; *State Compensation Insurance Fund v. Batis,* 117 Colo. 1, 183 P.2d 891; *Wells v. Cutler,* 90 Colo. 111, 6 P.2d 459; A. Larson, Workmen's Compensation §16.30 (1966 ed.).

The undisputed facts presented at the hearing clearly established claimant's right to compensation for her husband's death.

The judgment of the district court is affirmed.

MR. JUSTICE DAY and MR. JUSTICE KELLEY concur.