MONOLITH PORTLAND CEMENT and
United States Fidelity & Guaranty
Company, Petitioners,

v.

Ronald J. BURAK, Pamela Burak, Holly
Jo Burak and Christopher Burak, the
Industrial Claim Appeals Office of the
State of Colorado and the Colorado Di-
vision of Labor, Respondents.

No. 88CA0748.

Colorado Court of Appeals,
Div. IV.

March 23, 1989.

Glasman, Jaynes & McBride, Thomas O.
McBride, Lydia W. Daugherty, Denver, for
petitioners.

Anderson, Sommermeyer, Wick & Dow,
Samuel L. Anderson, Kent N. Campbell,
Fort Collins, for respondent Pamela Burak.

Duane Woodard, Atty. Gen., Charles B.
Howe, Chief Deputy Atty. Gen., Richard H.
Forman, Sol. Gen., David L. Saine, Asst.
Atty. Gen., Denver, for respondents Indus-
trial Claim Appeals Office and the Colorado
Division of Labor.

JONES, Judge.

Monolith Portland Cement and United
States Fidelity & Guaranty Company (peti-

tioners) contest a final order of the Industrial Claim Appeals Office (Panel) which awarded death benefits to Pamela J. Burak. We affirm.

Ronald Burak was killed in an automobile accident in Colorado while driving to work in Wyoming. At the time, Burak was living in Ft. Collins, Colorado, and commuted to his office in Laramie, Wyoming, with the knowledge and consent of Monolith, his employer. Monolith had provided Burak with an automobile for his use in traveling to and from work, for other business purposes, and for his personal use. Monolith paid for insurance on the vehicle, provided gasoline directly to Burak, and also paid the amounts charged on a gasoline credit card which it provided to Burak. It is undisputed that at the time of the accident, Burak was suffering from a heart attack. He apparently lost control of his vehicle, ran into a bridge, and sustained a skull fracture.

Three issues concerning the compensability of Burak's death were raised at the hearing before an Administrative Law Judge (ALJ): 1) whether subject matter jurisdiction under the Workmen's Compensation Act of Colorado, § 8–40–101, et seq., C.R.S. (1986 Repl.Vol. 3B) (Act); 2) whether the automobile accident arose out of and in the course of Burak's employment; and 3) whether the heart attack or the skull fracture was the cause of Burak's death.

The ALJ concluded that jurisdiction was proper, that the accident arose out of and in the course of Burak's employment, and that the skull fracture was the cause of Burak's death. Based upon these conclusions, death benefits were awarded to Burak's widow, Pamela. The Panel affirmed, and this petition for review followed.

## I.

The jurisdictional prerequisites to recovering benefits under the Act are that a substantial portion of the employee's work must be performed in Colorado, combined with either an injury in Colorado or an employment contract entered into in Colorado. *United States Fidelity & Guaranty Co. v. Industrial Commission*, 99 Colo. 280, 61 P.2d 1033 (1936); *Loffland Brothers Co. v. Industrial Commission*, 714 P.2d 509 (Colo.App.1985). Petitioners contend that jurisdiction is lacking here because claimant did not perform a substantial portion of his work in Colorado. We disagree.

The record supports the finding that Burak performed a substantial portion of his work for Monolith at his home in Colorado. We are unpersuaded by petitioners' argument that the evidence of this fact is insufficient because Burak's wife only believed him to be working at home and did not actually witness him doing so. Burak's children testified that they witnessed him doing work at home on many occasions, and there was circumstantial evidence that Burak regularly worked at home in the evening. Indeed, Burak's own supervisor testified that Burak's "habit" was to take work home.

This evidence was sufficient to sustain a finding that Burak performed a "substantial" portion of his work in Colorado. And, since it is undisputed that the accident occurred in Colorado, we conclude that jurisdiction is proper. *See Loffland Brothers Co. v. Industrial Commission, supra.*

## II.

We also agree with the Panel's conclusion that the accident arose out of and in the course of Burak's employment. Ordinarily, an employee injured while traveling to or from work is not entitled to compensation. *Whale Communications v. Claimants in re Death of Osborn*, 759 P.2d 848 (Colo.App.1988). However, when the employer agrees to provide the worker with means of transportation or to pay the employee's cost of commuting, the scope of employment inferentially includes the employee's transportation. *Industrial Commission v. Lavach*, 165 Colo. 433, 439 P.2d 359 (1968). This exception to the general rule applies here.

We are aware that in *Varsity Contractors v. Baca*, 709 P.2d 55 (Colo.App.1985), asserted by petitioners as controlling here, we held that an employee injured in a com-

pany car en route home was not within the scope of his employment. However, in that case, there were other factors which negated the proposition that the worker's travel conferred a special benefit upon the employer. For example, the worker had stopped for drinks at a bar and was injured while traveling home from the bar. This deviation negated the business purpose of the commute and severed any benefit the employer may have had in the commute. Also, in *Varsity,* there was no showing that the worker regularly performed work at his home so as to justify an inference that his home had become part of the employment premises.

Here, in contrast, it is undisputed that Burak was killed while using the vehicle for strictly business purposes in direct route to his job. There is no evidence of a personal deviation. Therefore, even though Burak was permitted to use the car for personal errands as was the case in *Varsity,* the fact that he had not done so makes this case more akin to *Lavach.*

Moreover, unlike in *Varsity,* there is evidence here that Burak's home, and indeed, even the vehicle, had become a part of his workplace. Burak, during his use of the automobile, dictated company business by use of dictating equipment within the ve-

hicle, and this dictating machinery was in an "on" position at the time of the accident.

### III.

Penultimately, the record contains substantial evidence in support of the finding that the cause of Burak's death was a skull fracture. Thus, regardless of conflicting evidence, the findings will not be set aside. *See Gelco Courier v. Industrial Commission,* 702 P.2d 295 (Colo.App.1985).

We decline to consider petitioners' alternative contention that Burak's death is noncompensable because the heart attack was the cause of the accident in which he died. This issue was not raised before the ALJ, and may not be raised for the first time on review. *Apache Corp. v. Industrial Commission,* 717 P.2d 1000 (Colo.App. 1986).

The order is affirmed.

TURSI and REED, JJ., concur.