24CA0684 RoadSafe v ICAO 05-15-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0684
Industrial Claim Appeals Office of the State of Colorado
WC Nos. 5-222-010 & 5-222-011

---

RoadSafe Traffic Systems, Inc. and AIU Insurance Company,

Petitioners,

v.

Industrial Claim Appeals Office of the State of Colorado, Craig Clanton, and
Jenifer Clanton,

Respondents.

---

ORDER AFFIRMED

Division IV
Opinion by JUDGE HARRIS
Grove and Pawar, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 15, 2025

---

Brown Gren Abraham & McCracken, LLC, Joseph W. Gren, J. Thomas
Stepleton, Denver, Colorado, for Petitioners

Philip J. Weiser, Attorney General, Evan P. Brennan, Assistant Attorney
General, Denver, Colorado, for Respondent Industrial Claim Appeals Office

The Babcock Law Firm, LLC, R. Mack Babcock, Denver, Colorado, for
Respondents Craig Clanton and Jenifer Clanton

¶ 1     After Jenifer Clanton and Craig Clanton, employees of RoadSafe Traffic Systems, Inc., were seriously injured in a motor vehicle accident during their commute to work, an administrative law judge (ALJ) awarded them workers' compensation benefits.  The Industrial Claim Appeals Office (Panel) affirmed the award. Roadsafe and its insurer, AIU Insurance Company (collectively, RoadSafe), appeal.  We affirm the Panel's order.

## I.     Background

¶ 2     The accident occurred as the Clantons drove to work in a RoadSafe company truck.  They each filed a related claim under the Colorado Workers' Compensation Act (Act).  RoadSafe disputed the claims, arguing that the Clantons' injuries did not arise out of and in the course of their employment and were thus not compensable under the Act.  *See* § 8-41-301(1)(b), C.R.S. 2024.

¶ 3     After consolidating the cases and holding an evidentiary hearing on the compensability issue, the ALJ ruled in the Clantons' favor.  Specifically, the ALJ found that the Clantons' injuries arose out of and in the course of their employment under applicable caselaw, because (1) the Clantons were "provided with a company

1

vehicle and fuel card for commuting between home and work";
(2) the Clantons were "working at the time of the accident, as they were conducting their pre-shift meeting in the vehicle"; and (3) RoadSafe "maintained some level of control over the manner in which the [Clantons] commuted to work" because RoadSafe required the Clantons to

- "log into the electronic fleet monitoring system prior [to] the commute";
- use the truck only for business purposes;
- "conduct a pre-trip inspection even prior to the commute"; and
- comply with federal DOT regulations limiting drivers' work hours.

¶ 4 RoadSafe appealed the ALJ's ruling to the Panel, which affirmed.

## II. Analysis

¶ 5 RoadSafe contends that the Clantons are not entitled to benefits because their injuries did not arise out of and in the course of their employment. We disagree.

2

## A. Standard of Review

¶ 6      Under section 8-43-308, C.R.S. 2024, we may not disturb factual findings "supported by substantial evidence," and we may only set aside the Panel's decision if the factual findings do not support the order, or the award of benefits is not supported by applicable law. Substantial evidence is "probative, credible, and competent, such that it warrants a reasonable belief in the existence of a particular fact without regard to contradictory testimony or inference." *Life Care Ctrs. of Am. v. Indus. Claim Appeals Off.*, 2024 COA 47, ¶ 14. Assessing the weight, credibility, and sufficiency of such evidence is the ALJ's exclusive domain, and findings based on conflicting evidence are conclusive on review. *Delta Drywall v. Indus. Claim Appeals Off.*, 868 P.2d 1155, 1157 (Colo. App. 1993).

¶ 7      We review de novo the Panel's application of the law to the facts and its ultimate conclusion. *See* § 8-43-308 (allowing us to set aside the Panel's order if the factual findings do not support the disposition); *Fisher v. Indus. Claim Appeals Off.*, 2021 COA 27, ¶ 15 (noting that we review de novo the Panel's application of law to

3

facts); *Harbert v. Indus. Claim Appeals Off.*, 2012 COA 23, 9 (noting we review de novo the Panel's ultimate legal conclusion).

## B. Legal Principles

¶ 8    The Act compensates injuries arising out of the course and scope of employment. § 8-41-301(1)(b). The "arising out of" component requires "a causal connection between the employment and injury" such that the injury "has its origins in the employee's work-related functions and is sufficiently related to those functions to be considered part of the employment contract." *Madden v. Mountain W. Fabricators*, 977 P.2d 861, 863 (Colo. 1999).

¶ 9    Under what is colloquially known as the "going to and from work" rule, employees generally do not qualify for benefits if injured during their commute, as travel time ordinarily does not constitute "performance of services arising out of and in the course of employment." *Id.* However, exceptions to the rule abound. *Id.* at 863-64.

¶ 10    To determine whether an exception applies, courts consider multiple, non-exclusive factors, including whether (1) the travel occurred during working hours; (2) the travel occurred on or off the

4

employer's premises; (3) the employment contract contemplated the travel; and (4) the obligations or conditions of employment created a "zone of special danger" out of which the injury arose. *Id.* at 864 (citation omitted).

¶ 11    As to the third factor, travel is "within the employment contract" when the employer "provides transportation or pays the cost of the employee's travel to and from work." *Id.* at 865.

¶ 12    In *Industrial Commission v. Lavach*, 439 P.2d 359 (Colo. 1968), for example, an employee was killed while commuting home from work in a company truck. The company provided him the truck, which he used both to commute and to make deliveries on the company's behalf. *Id.* at 361. The company also paid his fuel expenses. *Id.* The Colorado Supreme Court determined that the employee qualified for worker's compensation benefits. *Id.* It reasoned that "[w]here the employer agrees to provide its employee with the means of transportation or pay the employee's cost of commuting to and from work, the scope of employment inferentially enlarges to include the employee's transportation." *Id.*

¶ 13    Similarly, *Monolith Portland Cement v. Burak*, 772 P.2d 688 (Colo. App. 1989), involved an employee killed while commuting to work in a company vehicle.  The company provided him the vehicle for purposes of commuting and conducting company business.  *Id.* at 689.  The company paid all attendant expenses, including fuel.  *Id.*  Based on these facts, a division of this court found that "the scope of employment inferentially include[d] the employee's transportation," and thus the accident arose out of and in the course of the employee's employment.  *Id.*

### C.    The Accident Arose Out of and in the Course of the Clantons' Employment

¶ 14    We conclude, as the ALJ and the Panel did, that an exception to the "going to and from work" rule applies in this case.

¶ 15    In light of the particular circumstances, we see no error in the ALJ's determination that the Clantons' commute fell within the scope of their employment.  The ALJ found that the Clantons "were provided with a company vehicle and fuel card for commuting between home and work."  The Panel adopted the ALJ's finding, observing that RoadSafe "provided the claimants with the means of transportation and paid for the cost of commuting[.]"

6

¶ 16     RoadSafe argues that these findings are insufficient as a matter of law to show that the Clantons' travel was contemplated by the employment contract.  It says that unlike the employee in *Lavach*, who sometimes performed work-related tasks on his way home, the Clantons did not use the company truck for anything other than commuting.  Setting aside that the ALJ found that the Clantons were likewise performing a work-related task at the time of the accident, we disagree that the noted factual distinction is dispositive.  The court's reasoning in *Lavach* did not turn on the fact that the employee used the company vehicle for deliveries — on the night of the accident, he was not making a delivery but only commuting home from work.  439 P.2d at 360.  Instead, the court relied on a broader rule that when an employer "pay[s] the employee's cost of commuting," the employment contract includes the employee's transportation.  *Id.* at 361.

¶ 17     Alternatively, RoadSafe contends that the evidence does not support a finding that it paid the Clantons' cost of commuting.  That argument fares no better.

7

¶ 18 It is undisputed that, at the time they were injured, the Clantons were driving a company vehicle RoadSafe provided to them. RoadSafe points out that it did not *require* the Clantons to use the company truck for their commute, but we do not find that fact controlling. To be sure, a requirement that the Clantons commute in the company truck would show that the scope of employment included transportation. But travel is also part of the employment contract when it is "an inducement to employment" — i.e., where the employer provides a benefit by covering the cost of transportation. *Madden*, 977 P.2d at 865. In its opening brief, RoadSafe concedes that use of the company vehicle was a "perk of [the Clantons'] employment."

¶ 19 RoadSafe also challenges the ALJ's finding that the company covered the cost of fuel. It acknowledges that the safety handbook states that "fuel cards are issued for all company vehicles." But according to RoadSafe, it was unreasonable for the ALJ to infer from this evidence that employees were permitted to use the fuel card. Instead, RoadSafe argues that because the handbook prohibits the use of company vehicles for "personal business," the

8

more reasonable inference is that employees could not use the fuel card for "personal commuting use." That argument makes little sense, though, because if use of the truck was permitted for commuting but not for personal use, then commuting could not have been considered personal use. In any event, the ALJ could properly infer that employees with access to a company vehicle for commuting, and to a fuel card, could use the fuel card to cover the cost of commuting. And even if RoadSafe's proposed inference is also reasonable, where "more than one reasonable inference . . . may be drawn from the facts," the "fact finder, not an appellate court," determines what inference should be drawn. *Hoff v. Indus. Claim Appeals Off.*, 2014 COA 137M, ¶ 44, *rev'd on other grounds by Pinnacol Assurance v. Hoff*, 2016 CO 53; *Davison v. Indus. Claim Appeals Off.*, 84 P.3d 1023, 1031 (Colo. 2004) (An ALJ's findings are binding on appeal if supported by a "plausible inference from the record.").

¶ 20    RoadSafe argues that other of the ALJ's findings are likewise unsupported by the evidence — that the Clantons were engaged in a pre-shift safety meeting at the time of the accident, and that they

9

were required to, and did, inspect the truck before their commute. Those findings were supported by the safety handbook and the Clantons' testimony. The handbook expressly directs "[a]ll personnel" to "[a]ctively participate in pre-planning discussions daily or prior to each shift to ensure all hazards have been identified." The Clantons testified that they routinely conducted their pre-shift safety meetings during their commute. The handbook also requires pre-trip inspections for vehicles weighing more than 10,001 pounds. Ms. Clanton testified that RoadSafe required her to inspect the truck before each trip. Neither party presented any evidence regarding the truck's weight, and we decline RoadSafe's invitation to take judicial notice of the fact that the truck weighed less than 10,000 pounds. *See City of Boulder v. Dinsmore*, 902 P.2d 925, 927 (Colo. App. 1995) (noting our review is limited to the evidence in the appellate record).

¶ 21    Regardless, it is sufficient that the ALJ's factual findings establish an exception under *Madden*'s third factor. We conclude that here, the employment contract contemplated the travel

because RoadSafe provided a vehicle and covered the costs of the Clantons' commute.

¶ 22 Finally, because the scope of both claimants' employment inferentially included their transportation to and from work, we reject RoadSafe's argument that only Ms. Clanton, as the driver, was entitled to an award of benefits.

### III. Disposition

¶ 23 The Panel's order is affirmed.

JUDGE GROVE and JUDGE PAWAR concur.